IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL D. JACOBS,<br>d/b/a JACOBS LAW FIRM, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 4:14 CV 432 RWS |
| WADDELL, INC., d/b/a PURITAN<br>SPRINGS WATER, INC.<br>and<br>BUNN-O-MATIC CORP., and<br>JOHN DOES 1-12, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Mitchell D. Jacobs d/b/a Jacobs Law Firm ("Jacobs") filed this lawsuit, a proposed class action, against Defendants Waddell, Inc. d/b/a Puritan Springs Water, Inc. ("Waddell") and Bunn-O-Matic Corp. ("Bunn") for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Jacobs alleges that he received two unsolicited faxes from Defendants advertising a coffee and water delivery service. Jacobs asserts that he never gave permission to receive these fax advertisements and that neither of the faxes contained an opt-out notice as required under the TCPA. In addition to his claims under TCPA, Jacobs complaint contains a common law conversion claim and a Missouri Merchandising Practices Act, § 407.020(1) R.S.Mo. ("MMPA") claim. Defendants have filed separate motions to dismiss. Because Jacobs has arguably stated a claim against Waddell under the TCPA, I will deny its motion to dismiss that claim. However, I will grant Waddell's motion to dismiss Jacobs' claim under the MMPA and for conversion because Jacobs does not oppose the motion.

My review of the claims directed at Defendant Bunn-O-Matic reveals that Jacobs has failed to allege any factual basis to support its claim that Bunn sent the faxes or that Waddell was acting on its behalf. As a result, I will grant Bunn-O-Matic's motion to dismiss. Finally, based on my rulings regarding the motions to dismiss, I will deny Jacobs' motion for class certification without prejudice.

### *Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

### *Discussion*

The TCPA prohibits the sending of fax advertisements without the express invitation or permission of the recipient or an established business relationship with the recipient. 47 U.S.C. § 227(b)(1)(C). The TCPA also requires in some instances that an opt-out notice be placed on an advertising fax which can be invoked by the recipient. Id. at § 227(b)(2)(D). Jacobs alleges that he received two unsolicited faxed advertisements from Defendants, neither of which had the required opt-out language. However, a closer inspection of the complaint and the faxes (attached to the complaint) reveals two clarifications. First, in his complaint, Jacobs specifically alleges

that the faxes were sent by Waddell from its office in Lincoln, Illinois.  There is no factual support that Bunn sent the faxes.  Second, a review of the two faxes shows that they were really two parts of the same document sent within a minute(s) of each other.  The cover note of the fax addresses it to the attention of "Anthony" at the Jacobs Law Office with an additional hand written note to "Anthony" at the bottom of the page.  The fax, read in its entirety, deals with the services offered by Waddell which include bottled water service and office coffee service.  The cover note states that the coffee service comes with free brewers and filters.  The remaining pages of the fax shows various water dispensers and pricing for the various water, coffee, and other products offered by Waddell.  One page of the fax contains a picture of the Bunn coffee brewer, coffee pots and warmers that show the model of the free brewer that comes with Waddell's coffee service.  This page does not list any prices for these items nor does it offer them for sale.  Although the page does include contact information for Bunn the entire page appears to be a 2001 specification sheet for a Bunn brewer.

*Bunn's motion to dismiss*

Bunn has moved to dismiss the claims against it because there is no allegation in the complaint that Bunn sent the fax(es).  To the contrary, although the complaint makes the general unsupported allegation that "Defendants sent advertisements in an attempt to sell products by Bunn, as well as coffee and water delivery service offered by Puritan Springs." [Doc. # 1, Compl. ¶ 2] the complaint clearly asserts that the faxes were sent only by Waddell. [Id. ¶s 16 and 17].  Nor does the fax offer the sale of Bunn products, it merely contains a page showing the Bunn brewer that Waddell will provide for free if a customer orders Waddell's coffee service.  Although the complaint alleges that a principal can be liable for its agent's actions under the

TCPA, there are no factual allegations in the complaint that support Waddell was acting as Bunn's agent when it sent the fax(es) to Jacobs. The complaint's allegation that "Defendants actively participated in a scheme to send the subject unsolicited fax advertisements ..." [Id. at ¶ 18] is merely a conclusory statement. The complaint fails to state a claim against Bunn because it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). As a result, I will grant Bunn's motion to dismiss because Jacobs' factual allegations fail to raise any right to relief against Bunn above the speculative level.

*Waddell's motion to dismiss*

Jacobs' complaint alleges that the faxes at issue were unsolicited advertisements. Defendant Waddell filed a motion to dismiss asserting that the faxes were not unsolicited because the faxes were addressed to an "Anthony" at the Jacobs Law Firm. Jacobs denies that he solicited or gave permission to send the faxes. Whether, these faxes were solicited or not cannot be the basis of a motion to dismiss. That issue will be resolved after some initial discovery. Nor is the record well developed on the issue of whether the faxes at issue needed an opt-out provision. When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to Jacobs. As a result, I will deny Waddell's motion to dismiss Jacobs' TCPA claim.

The remainder of Waddell's motion to which seeks to dismiss Jacobs' conversion claim and MMPA claim is well taken. Jacobs does not oppose the dismissal of these claims but asks they be dismissed without prejudice. After review of these claims I find that they fail to state a cause of action and should be dismissed with prejudice.

Because I have dismissed Defendant Bunn-O-Matic from this lawsuit, Plaintiff Jacobs' motion for class certification no longer describes an appropriate class. In addition, the disputes as to whether the faxes at issue were solicited or not and whether an opt-out provision claim is viable are issues that need to be addressed before I will entertain a motion to certify a class. I also question the description of the class given the faxes at issue in this case were addressed to a specific individual at Plaintiff's law firm and were not a typical generally addressed fax. In order for Plaintiff Jacobs to be a class representative, he must have a viable claim against Waddell. Amburgy v. Express Scripts, Inc., 671 F. Supp.2d 1046, 1050 (E.D. Mo. 2009) (citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974))("In class action litigation, the named plaintiff purporting to represent a class must establish that he, personally, has standing to bring the cause of action. If the named plaintiff cannot maintain the action on his own behalf, he may not seek such relief on behalf of the class."). As a result, I will deny Jacobs' motion for class certification without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bunn-O-Matic Corp.'s motion to dismiss [#18] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Waddell, Inc.'s motion to dismiss Plaintiff's Telephone Consumer Protection Act Claim [#23] is **DENIED** and Waddell's motion to dismiss Plaintiff's conversion and Missouri Merchandising Practices Act claims with prejudice [#23] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Mitchell D. Jacobs' motion for class certification [#2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Defendant Waddell, Inc.'s motion to strike or stay Plaintiff Mitchell D. Jacobs' motion for class certification [#23] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014